On August 31, 1989, appellee, Walter L. Moore, was convicted of one count of aggravated burglary, an aggravated felony of the first degree, in violation of R.C. 2911.11(A)(3), and one count of rape, an aggravated felony of the first degree, in violation of R.C. 2907.02(A)(2). In a judgment entry filed on September 5, 1989, the Ashtabula County Court of Common Pleas sentenced appellee to an indefinite term of incarceration of eight to twenty-five years on the aggravated burglary count, and an indefinite term of eight to twenty-five years on the rape count, the sentences to be served concurrently.
Appellant, the State of Ohio, commenced proceedings to adjudicate appellant as a sexual predator under recently amended R.C. Chapter 2950, Ohio's version of Megan's Law. In a judgment entry filed on February 18, 1998, the trial court dismissed the sexual predator proceedings by determining that the amended version of R.C. Chapter 2950 is unconstitutional. Appellant timely appealed, asserting that the statute is constitutional.
Based on the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, although this writer interposed a dissent to the majority's mandate there that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section 1, Article I of the Ohio Constitution, it is clear that the decision in the Williams case controls the outcome here. Hence, I defer to the present controlling authority in this appellate district on the issues raised in this appeal.
Accordingly, the judgment of the trial court is affirmed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.